UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEFFINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>FCA US LLC,<br><br>    Defendant. | Case No.: 2:17-CV-00317-DAD-JLT<br><br>ORDER DENYING REQUEST FOR AN EXTENSION OF TIME TO FILE DISMISSAL DOCUMENTS<br><br>(Doc. 92) |

Three months ago, the parties notified the Court that the matter had settled (Doc. 89) In response, the Court gave the parties 30 days to dismiss the action or to file a joint report updating the Court on the status of the matter. (Doc. 90) A month later, the parties filed a joint report in which they noted that the defense has not paid the amount agreed upon because the plaintiff has failed to surrender the vehicle as agreed. (Doc. 92 at 2) The parties sought an additional 90 days to complete the settlement terms. Id.

Yesterday, the parties filed the exact same joint report[1] seeking an additional 60 days to complete the settlement terms. (Doc. 95) The latest joint report does not acknowledge the extension of time already provided by the Court or explain how the last 60 days were spent toward resolving any outstanding points, how frequently counsel have discussed these terms and why, despite discussion,

---

[1] The reports differed only in the dates changed due to the Court allowing the previous extension of time.

1

the points have not been resolved, why the parties filed a notice of settlement if, in fact, the case has not resolved, why counsel believes the outstanding issues will resolve in 60 days and why the plaintiffs continue to fail to surrender the vehicle.  Absent specific details about why the case is not in a posture to be dismissed, the Court will not extend the dismissal deadline.

Oddly, the plaintiffs' counsel has filed nearly the exact same report and request for additional time several times before. In Powell v. FCA US LLC, Case No. 2:16-cv-02781 DAD JLT (Docs. 106, 108), the parties filed the exact same joint report on the same days it filed the joint reports in this case.

In Martinez v. Ford Motor Company, Case No. 1:18-cv-01607 NONE JLT (Doc. 22) plaintiff's counsel filed the same report filed in this case and in Powell and the Court noted the repeated use of the same explanation in many cases (Doc. 23).

For example, in Durham v. FCA US LLC, Case No. 2:17-cv-00596 JLT (Doc. 106), counsel reported the exact same situation—that "The Parties are still working to complete all of the terms of the settlement" and cited the desire to file a motion for fees and costs.  The attorney requested an additional 60 days to take these actions.  As here, the Durham report did not describe any impediments to finalizing the terms of the settlement or to filing the motion for fees.

In Flores v. FCA US LLC, Case No. 1:17-cv-00427 JLT (Doc. 79), the plaintiff's attorney offered the exact same situation as the one noted here.  Again, the attorney reported the plaintiff had not surrendered the vehicle, "the Parties are still working to complete all of the terms of the settlement . . .," "the Parties are still working to complete all of the terms of the settlement . . ." and "Plaintiffs intend to file a Motion for Attorneys' fees and Costs in the event the Parties are unable to resolve attorneys' fees and costs informally." (Case No. 1:17-cv-00427 JLT Doc. 79) This is the same language as in the current report[2]. Compare Case No. 1:17-cv-00427 JLT Doc. 79 with Doc. 22) Also, as in this case, there was no discussion of any impediments to resolving these issues.

It is apparent to the Court that plaintiff's counsel never has an intention of complying with the Court's directives to file dismissal documents in the time allotted.  It is equally apparent that, unless plaintiff's counsel repeatedly represents recalcitrant clients or clients who truly prefer owning their

---

[2] The only difference is that the report in this case contains a spelling error (Doc. 22 at 2).

2

vehicle despite the alleged defects over receiving the settlement funds or that the attorneys direct the clients not to surrender the vehicle.  There can be no other explanation for plaintiff after plaintiff failing to surrender the vehicle in a timely fashion. Moreover, the repeated filing of the exact same report in case after case, smacks the Court of inherent dishonesty in violation of Fed.R.Civ.P. 11.

Consequently, because counsel has failed to provide sufficient detail for the Court to properly evaluate the request for 60 additional days to dismiss the case, the Court is left to conclude that this is simply the tactic employed by the plaintiff's law firm to excuse the lack of diligence or to gain some other advantage.  Thus, the Court **ORDERS**:

1. The request for additional time to file the dismissal documents is **DENIED**.[3]

The Court will delay 14 days before issuing its findings and recommendation to impose monetary sanctions and dismiss this action for failure to comply with the Court's orders and the obvious filing of documents that violate Rule 11, as detailed above. During that interval, counsel are strongly urged to complete the settlement and agree on fees or to file the motion for fees.

**<u>The parties are advised their failure to comply with the orders of this Court will result in the imposition of sanctions, including monetary sanctions and/or dismissal of the action, without further notice.</u>**

IT IS SO ORDERED.

Dated:   **May 5, 2020**                              **/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE

---

[3] The Court will delay 14 days before issuing its findings and recommendation to impose monetary sanctions and dismiss this action for failure to comply with the Court's orders and the obvious filing of documents that violate Rule 11, as detailed above. During that interval, counsel are strongly urged to complete the settlement and agree on fees or to file the motion for fees.

3